IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICROBILT CORPORATION and CL VERIFY, LLC,<br><br>   Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC., CHEX SYSTEMS, INC., AND CERTEGY LTD.<br><br>   Defendants. | Docket No. 3:12-cv-4606-FLW-DEA<br><br>[Motion to Withdraw the Reference of Adversary Proceeding No. 12-1167 to the Bankruptcy Court] |

**PLAINTIFFS MICROBILT CORPORATION AND CL VERIFY, LLC'S
SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO THE
PENDING MOTION TO WITHDRAW THE REFERENCE**

Plaintiffs MicroBilt Corporation ("MicroBilt") and CL Verify, LLC, by and through their counsel, Bruce S. Luckman and Michael Dube of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., respectfully submit this sur-reply memorandum in further opposition to the motion to withdraw the reference ("MTWTR") of the adversary proceeding docketed in the United States Bankruptcy Court for the District of New Jersey at No. 12-1167 ("Adversary Proceeding").

On August 6, 2012, based upon FIS/Chex' recent wrongful conduct, MicroBilt moved for leave to amend its pleading in the Adversary Proceeding to add an additional claim for violation of the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362. [Bankruptcy Court Docket No. 26.]  In its proposed amended pleading, MicroBilt details events occurring after its victory in the Bankruptcy Court on its "Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 365(A) and (B) Authorizing the Debtor to Assume Executory Contract and Cure Pre-Petition Defaults," and Chex' related motion to compel assumption or rejection (collectively, "Assumption Motions"). [Bankruptcy Court Docket No. 26-3.]    Specifically, following

-1-

MicroBilt's victory, in an effort to obtain a negotiating advantage, Chex repeatedly violated the automatic stay at FIS' direction.  [Bankruptcy Court Docket No. 26-3, ¶ 87.]  Without limitation, Chex (1) refused to sign up new MicroBilt end users unless MicroBilt provided the addresses of those end users (breaching the parties' agreements and risking disclosure of confidential customer lists); (2) unilaterally shut down between June 25, 2012 and July 13, 2012 MicroBilt's testing account (used by MicroBilt in the process of setting up new end users and to test and develop products and system changes required by Chex); (3) represented that it was limiting MicroBilt's access to employees of FIS/Chex to discuss routine business needs arising under the parties' executory contract; and most significantly (4) provided new "communications specifications" (which govern the nature and format of the data sold by FIS/Chex to MicroBilt), to take effect in the near future, that would in effectively terminate that contract by rendering the data sold useless to MicroBilt.  [Bankruptcy Court Docket No. 26-3, ¶ 87.]  In effect, Chex has taken the position that, unless MicroBilt acquiesces in these new "communications specifications," MicroBilt cannot receive the benefit of its executory contract, much less the Bankruptcy Court's ruling on the Assumption Motions.  [Bankruptcy Court Docket No. 26-2, page 3.]

MicroBilt has consistently asserted that judicial economy and efficiency would best be served by the Adversary Proceeding remaining before the Bankruptcy Court; that assertion has gained strength given the direction in which FIS/Chex have attempted to take the bankruptcy proceedings.  As detailed to this Honorable Court in MicroBilt's opposition brief [District Court Docket No. 3], Judge Kaplan has intimate knowledge of the contours of his ruling on the Assumption Motions, having articulated and memorialized same in an oral decision of April 18, 2012, a written Order of May 17, 2012,  a follow-up oral decision of May 21, 2012 (on Chex' motion for reconsideration or clarification), and follow-up written Orders of May 31, 2012 and

July 3, 2012. The Bankruptcy Court will be rendering a decision regarding two further issues related to the Assumption Motions on or around August 30, 2012.

In In re The Mortgage Store, Inc. ("Mortgage Store"), a post-Stern v. Marshall decision, the U.S. District Court for the District of Hawaii found that the Bankruptcy Court's "high level of familiarity with [the] action given the multiple motions it has already presided over" weighed in favor of not withdrawing the reference, even as to claims that the Bankruptcy Court would only be able to render proposed findings of fact on.[1] The District Court observed that withdrawal of the reference "would result in this court losing the benefit of the bankruptcy court's experience in both the law and facts, resulting in an inefficient allocation of judicial resources."[2] The case for denying the MTWTR is even stronger in this case than in Mortgage Store. Here, the Bankruptcy Court would have jurisdiction to enter final findings of fact and conclusions of law on the new violation-of-the-automatic-stay claims, and those claims are actually based upon its rulings on the "multiple motions it has already presided over."

## CONCLUSION

For the foregoing additional reasons, the MTWTR should be denied in its entirety.

Dated: _____    Respectfully submitted,

    SHERMAN, SILVERSTEIN, KOHL,
    ROSE & PODOLSKY, P.A.

By:   /s/ Bruce S. Luckman
    Bruce S. Luckman
    Michael Dube
    308 Harper Drive, Suite 200
    Moorestown, NJ 08057
    Telephone: 856-662-0700
    Facsimile: 856-488-4744

---

[1] See In re The Mortgage Store, Inc., 464 B.R. 421, 428-29 (D. Hawaii 2011).
[2] See id. at 429 (emphasis added) (multiple citations omitted).

-4-

*Attorneys for Plaintiffs MicroBilt Corporation and CL Verify, LLC*

Case 3:12-cv-04606-FLW-DEA   Document 7-1   Filed 08/16/12   Page 4 of 4 PageID: 146

-4-

*Attorneys for Plaintiffs MicroBilt Corporation and CL Verify, LLC*