UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Derek J. Baker, Esquire
Gary J. Ruckelshaus, Esquire
Brian M. Schenker, Esquire
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: 609-987-0050
Fax: 609-951-0824
dbaker@reedsmith.com
gruckelshaus@reedsmith.com
bschenker@reedsmith.com

*Counsel for Fidelity National Information Systems, Inc. and Chex Systems, Inc.*

| | |
|---|---|
| In Re:<br><br>MICROBILT CORPORATION,<br><br>                              Debtor. | Case No.: 11-18143-MBK<br><br>Judge: Honorable Michael B. Kaplan<br><br>Chapter 11 |
| MICROBILT CORPORATION and CL VERIFY, LLC,<br><br>                              Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL INFORMATION SERVICES, INC., CHEX SYSTEMS, INC., and CERTEGY LTD.,<br><br>                              Defendants. | Adv. Pro. No.: 12-01167-MBK<br><br>Civil Action No.: 12-4606 |

**OPPOSITION OF DEFENDANTS FIDELITY NATIONAL INFORMATION SERVICES, INC. AND CHEX SYSTEMS, INC.'S TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THE MOTION TO <u>WITHDRAW THE REFERENCE</u>**

## PRELIMINARY STATEMENT

Defendants Fidelity National Information Services, Inc. ("FNIS") and Chex Systems, Inc. ("Chex" and, together with FNIS, the "Defendants"), by and through their undersigned counsel, submit this brief in opposition to Plaintiffs MicroBilt Corporation and CL Verify, LLC's (collectively, "Plaintiffs") informal letter request for leave to file a sur-reply (the "Sur-Reply Request") in opposition to Defendants' motion for entry of an order withdrawing the reference of the above-captioned adversary proceeding, captioned as Adv. Pro. No. 12-01167-MBK (the "Adversary Proceeding"), from the United States District Court for the District of New Jersey (the "District Court") to the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011, and D.N.J. LBR 5011-1 (the "Motion").

## ARGUMENT

Plaintiff's informal Sur-Reply Request should be denied because sur-replies are not permitted in this District without first obtaining permission to file them with the Court. As Local Rule 7.1 makes clear, "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." *See* L.Civ.R. 7.1(d)(6), *New Jersey Federal Practice Rules* (2012 ed.). Judges from throughout this District have routinely disregarded, and stricken, improperly filed sur-reply briefs and other filings not authorized by the Local Rules. *See In Ford E-350 Van Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 68241 (D.N.J. July 9, 2010) (Brown) (granting motion to strike because "Plaintiffs' letter and affidavit, filed without permission from the Court, constitute improper sur-replies"); *Tucker v. Sebeliua,* 2010 U.S. Dist. LEXIS 69522 (D.N.J. July 12, 2010) (Kugler) ("Sur-replies, sur-sur replies, and sur-sur-sur replies are not permitted by the New Jersey Federal Practice Rules. The Court did not give

permission for these documents to be filed. Thus, the Court will not consider them"); *U.S. SBA v. Herbst*, 2009 U.S. Dist. LEXIS 40993 n.1 (D.N.J.) (May 14, 2009) (Brown) ("On May 6, 2009, the Court received an improper sur-reply from Defendant. Because this brief was submitted in violation of Local Rule 7.1(d)(6), the Court will not consider it"); *Cottrell v. Wheels*, 2008 U.S. Dist. LEXIS 88505 (D.N.J. Oct. 31, 2008) (Kugler) (final submissions not considered because filed without permission of court); *Morris v. Verniero*, 2008 U.S. Dist. LEXIS 25366 (D.N.J. Mar. 26, 2008) (Thompson) ("because Plaintiff did not seek leave from the Court before filing his sur-reply, as he was required to do pursuant to Local Civ.R. 7.1 (d)(6), the Court will strike the sur-reply and declines to consider it"); *Mullin v. Keller Ladder Co.*, 2008 U.S. Dist. LEXIS 22308 (D.N.J. Mar. 19, 2008) (Kugler) (letter-brief construed to be an "impermissible surreply" and court declined to consider it). This Court has even denied mere *applications* for leave to file a sur-reply. *See, e.g., Wachtel v. Health Net*, 239 F.R.D. 81, 84 n.7 (D.N.J. 2006) (Hochberg); *Metex Mfg. Corp. v. Manson & Manson Envir. Corp.*, 2006 U.S. Dist. LEXIS 54891 (D.N.J. Aug. 4, 2006) (Ackerman); *Machulsky v. Hall*, 210 F. Supp. 2d 531, 534 n.1 (D.N.J. 2002) (Brotman); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511 (D.N.J. 1998) (Lechner) (rejecting request to file sur-reply letter brief on a motion for reconsideration).

    Here, Plaintiffs have creatively submitted a sur-reply – without first complying with the Local Rules and/or receiving the Court's permission – by e-filing a purported "sur-reply memorandum of law" as an attachment to their informal Sur-Reply Request, where Plaintiffs (for the first time) "request permission" to e-file the attached sur-reply brief. To date, Defendants have not received any indication from this Court that Plaintiffs *were actually granted permission* to e-file the purported "sur-reply memorandum of law" (either as an attachment or otherwise). Thus, by e-filing the purported sur-reply brief – under the guise of submitting the brief as a mere

attachment to the informal Sur-Reply Request – Plaintiffs have failed to comply with Local Rule 7.1(d)(6) by failing to receive advance permission to e-file any sur-reply papers. As a result, Defendants respectfully submit that Plaintiffs' improper request should be denied and Plaintiffs' improper sur-reply submission should be stricken and disregarded in its entirety.

Moreover, even if this Court were find that Plaintiffs' informal Sur-Reply Request is proper under the Local Rules, and permit the e-filing of Plaintiffs' purported sur-reply brief – and it should not – the Court should nonetheless disregard Plaintiffs' submission because there are no compelling circumstances present here to justify permitting such a sur-reply. Clearly, Plaintiffs' counsel simply wants to have the "last word" before Defendants' Motion is considered and decided. However, absent some compelling circumstance – and none is present here – this Court's Local Rules afford the moving party (here, Defendants) with the opportunity to "speak" last in the reply papers. Just as Plaintiffs now endeavor in their sur-reply brief to try to further counter the arguments made by Defendants in their briefs, Defendants would be capable of filing, and surely would like permission to file, a "sur-sur-reply" to address the narrow legal issue raised in Plaintiffs' proposed sur-reply brief.[1] This is precisely the never-ending back-and-forth that the Local Rules and cases cited above prevent.

---

[1] If Plaintiffs' proposed sur-reply brief was intended to *clarify or correct* a single point, Defendants' position here might be different. However, Plaintiffs' proposed sur-reply brief is a three page brief that does nothing more than recite the allegations in the Complaint and re-argue many, if not all, of the issues addressed by Plaintiffs in their opposition brief. Moreover, Plaintiffs have neither cited to, nor relied upon, any new caselaw in their sur-reply but instead have again cited to a 2011 opinion issued by a District Court in Hawaii– the *Mortgage Store* case (cited in the opposition) – which has no binding effect on this Court, and frankly, has little relevance to the issues currently before this Court.

Accordingly, for these reasons, Defendants respectfully submit that Plaintiffs' informal request for leave to file Sur-reply should be denied and Plaintiffs' improper sur-reply submission should be stricken and disregarded in its entirety.

Respectfully submitted,

Dated: August 22, 2012              By:     */s/ Gary J. Ruckelshaus*
                                                    Derek J. Baker, Esquire
                                                    Gary J. Ruckelshaus, Esquire
                                                    Brian M. Schenker, Esquire
                                                    REED SMITH LLP
                                                    Princeton Forrestal Village
                                                    136 Main Street, Suite 250
                                                    Princeton, New Jersey 08540
                                                    Telephone:  609-987-0050
                                                    Fax:  609-951-0824
                                                    dbaker@reedsmith.com
                                                    gruckelshaus@reedsmith.com
                                                    bschenker@reedsmith.com

                                                    *Counsel for Fidelity National Information Systems, Inc. and Chex Systems, Inc.*